## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| DELPHI CORPORATION,<br><br>                  *Plaintiff*,<br>v.<br><br>AUTOMOTIVE TECHNOLOGIES<br>INTERNATIONAL, INC.,<br><br>                  *Defendant.* | Civil Action No. _____<br><br>**Jury Trial Demanded** |

### COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY

Plaintiff Delphi Corporation ("Delphi") for its Complaint against Automotive Technologies International, Inc. ("ATI") for declaratory judgment of patent noninfringement, invalidity, and unenforceability, alleges based upon knowledge as to its own acts and upon information and belief as to the conduct of ATI, as follows:

### *The Parties*

1. Delphi is a corporation organized and existing under the laws of the State of Delaware and has a place of business at 5725 Delphi Drive, Troy, Michigan 48098-2815.

2. Delphi is a leading global designer and manufacturer of mobile electronics and transportation systems, including powertrain, safety, steering, thermal, and controls & security systems, electrical/electronic architecture, and in-car entertainment technologies. Among other things, Delphi manufactures and sells products used in the area of automobile safety, including its Passive Occupant Detection System ("PODS") products.

3. On information and belief, ATI is a corporation organized and existing under the laws of the State of Delaware and has a place of business at 4644 Mariner Lane, Denver, NC 28037.

## *Nature of Action*

4. This is an action seeking a declaratory judgment (a) that Delphi's manufacture, use, sale, offer for sale, and/or importation of its PODS products does not infringe, directly, contributorily, or by inducement, any valid claim of U.S. Patent No. 7,243,945 entitled "Weight Measuring Systems and Methods for Vehicles" ("the '945 patent") (attached as Exhibit A), U.S. Patent No. 6,869,100 entitled "Method and Apparatus for Controlling an Airbag" ("the '100 patent") (attached as Exhibit B), U.S. Patent No. 6,850,824 entitled "Method and Apparatus for Controlling a Vehicular Component" ("the '824 patent") (attached as Exhibit C), or U.S. Patent No. 6,833,516 entitled "Apparatus and Method for Controlling a Vehicular Component" ("the '516 patent") (attached as Exhibit D); (b) that the claims of the '945, '100, '824, and '516 patents are invalid; and (c) that the claims of the '945, '100, '824, and '516 patents are unenforceable due to inequitable conduct.

## *Jurisdiction and Venue*

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), in that it involves claims arising under the United States Patent Act, 35 U.S.C. § 1, *et seq.*

6. This Court may declare the rights and other legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is an actual and justiciable controversy between Delphi and ATI that is within the Court's jurisdiction with respect to whether Delphi's manufacture, use, sale, offer for sale, and/or importation of its PODS products infringe any valid

claim of the '945, '100, '824, or '516 patents, and whether the claims of those patents are valid and enforceable.

7. This Court has personal jurisdiction over ATI because, on information and belief, ATI has systematic and continuous contacts in this judicial district, regularly avails itself of the benefits of this judicial district, including the jurisdiction of the courts, and regularly transacts business within this judicial district and derives substantial revenues from this business.

8. Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

### *Background*

9. On April 4, 2003, ATI filed a complaint in the United States District Court for the Eastern District of Michigan, Southern Division naming Delphi as a defendant (the "2003 *ATI v. Delphi* matter"). The complaint was assigned Case No. 03-71368 and proceeded before the Hon. Lawrence P. Zatkoff.

10. The complaint in the 2003 *ATI v. Delphi* matter accused Delphi's PODS products of infringing U.S. Patent No. 6,442,504 ("the '504 patent") entitled "Apparatus and Method for Measuring Weight of an Object in a Seat" (*see* Case No. 03-71368, Docket Nos. 1, 70).

11. On September 29, 2004, after 18 months of litigation in the 2003 *ATI v. Delphi* matter, the Court entered summary judgment in favor of Delphi. The Court construed the asserted claims' terms, found that the asserted claims of the '504 patent were either not infringed or invalid, and dismissed ATI's complaint with prejudice (*see* Case No. 03-71368, Docket Nos. 70, 71).

12. On October 28, 2004, and after the Court entered final judgment in the 2003 *ATI v. Delphi* matter, the clerk taxed $3,737.70 of costs against ATI (*see* Case No. 03-71368, Docket No. 73).

13. Delphi directed correspondence to ATI's attorney of record on December 21, 2004 and January 11, 2005 seeking payment of the costs taxed in connection with the 2003 *ATI v. Delphi* matter but received no response.

14. To date, ATI has not paid Delphi the $3,737.70 of costs taxed in connection with the 2003 *ATI v. Delphi* matter.

15. On February 11, 2008, ATI filed a complaint in the United States District Court for the Eastern District of Texas, Marshall Division (attached as Exhibit E), naming General Motor Corporation d/b/a Chevrolet and Cadillac Motors ("GM"), Nissan North America, Inc. ("Nissan"), Ford Motor Company d/b/a Lincoln and Mercury ("Ford"), Volvo Cars of North America, Inc. ("Volvo"), Hyundai Motor America ("Hyundai"), Mercedes-Benz USA, LLC ("Mercedes"), and Fuji Heavy Industries USA, Inc. ("FHI") as defendants. The complaint was assigned Case No. 2:08-CV-57 and is pending before the Hon. John T. Ward (the "2008 *ATI v. GM et al.* matter").

16. Delphi was not named as a defendant by ATI's complaint in the 2008 *ATI v. GM et al.* matter.

17. ATI's complaint in the 2008 *ATI v. GM et al.* matter alleges that GM, Nissan, Ford, Volvo, Hyundai, Mercedes, and FHI infringe various claims of the '945, '100, and '824 patents by making, importing, offering for sale, selling, and/or using occupant and/or child seat and/or rear-facing child seat detection and/or position systems which incorporate a bladder in their automobile products.

18.     The complaint in the 2008 *ATI v. GM et al.* matter also alleges that GM infringes various claims of the '516 patent by making, importing, offering for sale, selling, and/or using occupant and/or child seat and/or rear-facing child seat detection and/or position systems which incorporate a bladder and a seat track sensor in its automobile products.

19.     At least the '945 and '516 patents at issue in the 2008 *ATI v. GM et al.* matter are related to and part of the same patent family as the '504 patent that was at issue in the 2003 *ATI v. Delphi* matter.

20.     Delphi has manufactured and supplied, and continues to manufacture and supply, GM, Nissan, Ford, Volvo, Hyundai, Mercedes, and FHI with its PODS products. In most cases, the PODS products include a seat-based silicon fluid-filled bladder and are part of an occupant detection system.

21.     On information and belief, the presence of Delphi's PODS products in the GM, Nissan, Ford, Volvo, Hyundai, Mercedes, and FHI automobile products serves as the basis of ATI's infringement allegations in the 2008 *ATI v. GM et al.* matter.

22.     Delphi's PODS products and their use does not infringe any valid, enforceable claim of the '945, '100, '824, and '516 patents.

23.     There exists a substantial controversy between Delphi and ATI, parties with adverse legal interests, and a reasonable apprehension on the part of Delphi, concerning the infringement, validity, and enforceability of the claims of the '945, '100, and '824, and '516 patents by Delphi's PODS products that is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

### *Count I*
### *(Declaratory Judgment of Non-Infringement*
### *and Invalidity of the '945 Patent)*

24. Delphi incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 23 of this Complaint.

25. By reason of the actual and substantial controversy between Delphi and ATI, Delphi is entitled to a declaratory judgment that its manufacture, use, sale, offer for sale, and/or importation of its PODS products does not infringe, directly, contributorily, or by inducement, any valid, enforceable claim of the '945 patent.

26. By reason of the actual and substantial controversy between Delphi and ATI, Delphi is entitled to a declaratory judgment that each of the claims of the '945 patent is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103, and 112.

### *Count II*
### *(Declaratory Judgment of Non-Infringement*
### *and Invalidity of the '100 Patent)*

27. Delphi incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 26 of this Complaint.

28. By reason of the actual and substantial controversy between Delphi and ATI, Delphi is entitled to a declaratory judgment that its manufacture, use, sale, offer for sale, and/or importation of its PODS products does not infringe, directly, contributorily, or by inducement, any valid, enforceable claim of the '100 patent.

29. By reason of the actual and substantial controversy between Delphi and ATI, Delphi is entitled to a declaratory judgment that each of the claims of the '100 patent is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103, and 112.

### Count III
### (Declaratory Judgment of Non-Infringement
### and Invalidity of the '824 Patent)

30. Delphi incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 29 of this Complaint.

31. By reason of the actual and substantial controversy between Delphi and ATI, Delphi is entitled to a declaratory judgment that its manufacture, use, sale, offer for sale, and/or importation of its PODS products does not infringe, directly, contributorily, or by inducement, any valid, enforceable claim of the '824 patent.

32. By reason of the actual and substantial controversy between Delphi and ATI, Delphi is entitled to a declaratory judgment that each of the claims of the '824 patent is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103, and 112.

### Count IV
### (Declaratory Judgment of Non-Infringement
### and Invalidity of the '516 Patent)

33. Delphi incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 32 of this Complaint.

34. By reason of the actual and substantial controversy between Delphi and ATI, Delphi is entitled to a declaratory judgment that its manufacture, use, sale, offer for sale, and/or importation of its PODS products does not infringe, directly, contributorily, or by inducement, any valid, enforceable claim of the '516 patent.

35. By reason of the actual and substantial controversy between Delphi and ATI, Delphi is entitled to a declaratory judgment that each of the claims of the '516 patent is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103, and 112.

## Count V
### *(Declaratory Judgment of Unenforceability)*

36. On information and belief, during prosecution of the '945, '100, '824, or '516 patents (the "ATI Patents"), ATI and others substantively involved in the prosecution of the ATI Patents deliberately engaged in a pattern of conduct that was misleading and calculated to mislead the United States Patent Office (the "PTO") into granting the ATI Patents coverage to which ATI was and is not entitled.

37. On information and belief, those involved in this scheme included at least the following individuals at ATI, all of whom were substantively involved in the prosecution of the ATI Patents: Brian Roffe and David Breed.

38. On information and belief, ATI and others substantively involved in the prosecution of the ATI Patents filed numerous patent applications directed to subject matter that the named inventors either did not invent or which was not patentable over the prior art known to those substantively involved in the prosecution of the ATI Patents.

39. In addition, on information and belief, ATI and those substantively involved in the prosecution of the ATI Patents deliberately concealed from the PTO material prior art and other material information or, in the alternative, in those instances when material prior art was disclosed to the PTO, it was buried in a mountain of immaterial prior art in an effort by ATI to mislead the PTO into overlooking the most material information.

40. On information and belief, another tactic employed by ATI and others substantively involved in the prosecution of the ATI Patents was the practice of filing numerous "continuation" and "continuation in part" applications claiming priority to earlier filed ATI patent applications. This practice of filing numerous continuation and continuation in part applications was intended to pre-date the prior art activities of others that would have otherwise

-9-

barred ATI from obtaining patent coverage. ATI knew or should have known that many of its priority claims were without merit. Worse yet, ATI's numerous patent filings, including those filings relating to the ATI Patents, were designed to be so convoluted that the patent examiners assigned to examine ATI's various patent applications could not meaningfully review and challenge ATI's priority claims.

41.     In addition, several of the ATI Patents, including the '945 and '100 patents, claim priority through a convoluted chain of applications reaching back to patent application serial no. 07/878,571, which was filed May 5, 1992. These patents, however, were not entitled to claim priority to application serial no. 07/878,571 because of a lack of co-pendency. Application serial no. 07/878,571 was abandoned on March 23, 1993. The next application in the chain of priority, application serial no. 08/040,978, was not filed until some eight days later, on March 31, 1993. Upon information and belief, one or more persons substantively involved in the prosecution of the ATI Patents were aware of the lack of co-pendency, yet ATI nonetheless claimed priority to application serial no. 07/878,571. Moreover, in an effort to cure this lack of co-pendency, ATI and others substantively involved in the prosecution of the ATI Patents, including David Breed and Brian Roffe, were not candid in connection with petitions filed under 37 C.F.R. §1.137(b) and the accompanying "Declaration of Facts." The lack of candor related to the explanation provided by ATI for the lengthy delay between the time that application serial no. 07/878,571 was abandoned (March 23, 1993) and the filing of the aforementioned petitions, the first of which was filed August 15, 2001.

42.     The foregoing activities were material and intended by ATI and others substantively involved in the prosecution of the ATI Patents to mislead the PTO. As a result, the ATI Patents are unenforceable by reason of inequitable conduct.

43. By reason of the actual and substantial controversy between Delphi and ATI, Delphi is entitled to a declaratory judgment that each of the claims of the ATI Patents is unenforceable by reason of inequitable conduct.

### *Prayer for Relief*

**WHEREFORE**, Delphi respectfully requests:

A. A Declaratory Judgment that it is not liable for directly or contributorily infringing, or inducing infringement, of any valid, enforceable claim of the '945 patent;

B. A Declaratory Judgment that it is not liable for directly or contributorily infringing, or inducing infringement, of any valid, enforceable claim of the '100 patent;

C. A Declaratory Judgment that it is not liable for directly or contributorily infringing, or inducing infringement, of any valid, enforceable claim of the '824 patent;

D. A Declaratory Judgment that it is not liable for directly or contributorily infringing, or inducing infringement, of any valid, enforceable claim of the '516 patent;

E. A Declaratory Judgment that each and every claim of the '945 patent is invalid;

F. A Declaratory Judgment that each and every claim of the '100 patent is invalid;

G. A Declaratory Judgment that each and every claim of the '824 patent is invalid;

H. A Declaratory Judgment that each and every claim of the '516 patent is invalid;

I. A Declaratory Judgment that the claims of the '945, '100, '824, and '516 patents are unenforceable due to inequitable conduct;

J. An award of costs incurred in this action;

K.  A declaration that this suit is exceptional, and award all of Delphi's attorneys' fees and such other and further relief the Court deems just and appropriate.

### Demand for Jury Trial

Delphi demands a trial by jury on all issues so triable.

Respectfully Submitted,

March 10, 2008

By: __/s/ William Cosnowski, Jr.__
DELPHI CORPORATION
5725 Delphi Drive
Troy, MI 48098
Phone: (248) 813-3309
william.cosnowski.jr@delphi.com
(P57517)

John R. Hutchins
KENYON & KENYON
1500 K Street NW
Washington, D.C. 20005
Phone: (202) 220-4217
jhutchins@kenyon.com

*Attorneys for Plaintiffs*