**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

AUTOMOTIVE TECHNOLOGIES
INTERNATIONAL, INC.,

      Plaintiff,

v.                                               Case No. 08-CV-11048

DELPHI CORPORATION,

      Defendant.
                                                  /

**ORDER DENYING AS MOOT DELPHI'S MOTION TO COMPEL AND
IMPOSING CERTAIN DEADLINES**

Before the court is Delphi Corporation's ("Delphi's") "Motion to Compel ATI[1] to Identify Representative Claims and Provide More Detailed Infringement Contentions," filed on November 21, 2008.  The parties have been working toward a mutually agreeable resolution of that motion, and have recently submitted a joint, informal letter to the court which outlines the scope of their agreement.  The court will memorialize the parties' agreement and resolve any remaining issues in this order.  Counsel should carefully review this order for all relevant deadlines, some of which were noted in their joint letter and some of which the court has imposed.

First, with respect to issues on which the parties have reached agreement:

The parties have agreed to dismiss two of the seven patents at issue in this case. They will prepare and submit a proposed order of dismissal of U.S. Patent Nos. 6,757,602 and 6,869,100 **within fourteen days of the date of this order**.

---

      [1]Automotive Technologies International, Inc. ("ATI")

With respect to the remaining five patents, the parties have agreed, and the court now orders, that the suit shall proceed with respect to the following twenty-six representative claims:

U.S. Patent No. 7,407,029: Claim Nos. 1, 2, 3, 10, 13, and 19;

U.S. Patent No. 6,484,080: Claim Nos. 19, 24, 26, 27, 28, and 33;

U.S. Patent No. 6,833,516: Claim Nos. 14, 15, 18, and 19;

U.S. Patent No. 6,850,824: Claim Nos. 1, 2, 5, and 7;

U.S. Patent No. 7,243,945: Claim Nos. 1, 2, 3, 4, 5, and 6.

Delphi has agreed to narrow its request for file histories by **January 30, 2009** and ATI will produce those file histories by **February 13, 2009**.

In addition, ATI will update its set of infringement contentions by **February 6, 2009**. Delphi will provide updated non-infringement and invalidity contentions by **February 20, 2009**.

The parties have agreed that, in light of these deadlines, the current scheduling order will need to be adjourned. The parties suggest an adjournment of all dates of around eight to ten weeks. The court will enter an amended scheduling order adjourning the dates in approximate accordance with the parties' agreement.

With respect to remaining issues, the court makes the following observations and rulings:

The parties indicate that ATI is asserting infringement on the twenty-six representative claims and, additionally, on forty-eight other claims. The parties disagree as to the status of those forty-eight other claims. In their letter, the parties state:

In addition to these 26 claims, ATI is presently asserting infringement of 48 other claims in these five patents. The parties disagree on whether, following resolution of the parties' disputes with respect to the representative claims identified above, the Court needs to address the alleged infringement of the remaining 48 claims. Delphi says no, ATI says yes. On this issue, the parties require the Court's guidance.

Delphi's position on this issue is as follows: As described at length in Delphi's motion for representative claims, the very reason for having representative claims is to promote efficiency and jury understanding. *Panduit Corp. v. Dennison Mfg. Co.*, 836 F.2d 1329, 1330-31 (Fed. Cir. 1987) (noting that the term 'representative claims' is well understood in patent litigation to mean that a resolution of the issues with respect to a representative claim of a patent is a resolution with respect to all asserted claims of that patent). It makes little sense to proceed -- possibly to trial -- with respect to the representative claims, only to have to then resolve the dispute between the parties with respect to the remaining four dozen non-representative claims. *Id.* at 1331 ("For Dennison to suggest at this point that the court and the parties intentionally tried this case in a way that left unresolved . . . 24 of the 28 claims plaintiff was asserting is outside the bounds of legitimate advocacy."). Accordingly, Delphi submits that the case should proceed with respect to only the representative claims, and when those issues are resolved, the case should terminate without further consideration of the remaining non-representative claims. As set forth in Delphi's brief, it is well within the Court's discretion to proceed in this manner.

ATI's position on this issue is as follows: ATI does not disagree with the process of selecting representative claims. As noted in its Response to Delphi's Motion to Compel, limiting the number of patent claims addressed during the course of a litigation and dealing only with a representative subset of the asserted claims, is a practice commonly used in patent infringement litigations to make a case more manageable. *See generally, Thompson S.A. v. Quixote Corp.*, 166 F.3d 1172, 1173-74 (Fed. Cir. 1999). That practice is most commonly used at trial, to avoid burdening a jury with consideration of multiple similar claims. However, ATI disagrees with Delphi that the use of the representative claim process precludes ATI from litigating non-representative claims if, for example, during the course of the case, discovery reveals a good-faith basis for asserting that a non-representative claim is infringed and not invalidated by anything raised by Delphi with respect to the representative claims.

Neither *Panduit*, nor any other case holds to the contrary. Indeed, the Federal Circuit expressly held that the use of representative claims does not extend a ruling of invalidity to non-representative claims. *Northpoint*

3

> *Technology, Ltd. v. MDS America, Inc.*, 413 F.3d 1301, 1312-13 (Fed. Cir. 2005) (denying defendants' cross-appeal that judgment of invalidity as to three representative claims should extend to all remaining claims in the two patents-in-suit).  ATI strongly believes that the process of selecting representative claims in this case, especially at a time when discovery about the particular applications of the Delphi PODS product on many OEM platforms is beginning, cannot and should not be used to prevent ATI from later litigating any non-"representative" claims. And ATI wishes to make clear that to the extent this Court construes and considers representative claims, given the fact that ATI has asserted many of the same patents against OEM defendants in the Eastern District of Texas (which may implicate many of the same but also a number of different claims than are implicated by Delphi's declaratory judgment action before this Court), the choice of representative claims cannot and should not bind ATI to the same or equivalent claims asserted in Texas.

(1/23/09 Joint Letter at 2-3.)

The court understands the parties' positions but agrees with ATI that the use of representative claims should not absolutely preclude, at this point, any future litigation on the remaining forty-eight claims.  It is likely that through the course of this litigation, resolution of the issues regarding the representative claims will lead to an orderly, likely stipulated, resolution of the remaining forty-eight claims.  As the parties both agree, the very reason for selecting representative claims is to streamline the issues for the court and for trial.  Presumably, particularly given the rather high number of representative claims selected, the representative claims were chosen because they are believed to encompass all, or a vast majority, of the salient issues involved in this litigation.  Indeed, the court expects that the representative claims are truly representative and will therefore fulfill their proper role in assisting the litigation.  It is, however, possible, while perhaps not probable, that some unforeseen turn of events in this lawsuit will necessitate further litigation on one or some of the remaining forty-eight claims.  The court will not foreclose such a possibility at this stage in the action, but will rely upon

counsel's Rule 11 obligations, when the time comes, to determine whether additional litigation is necessary.

Finally, while not expressly stated in the parties' joint letter, the parties' agreements, along with the further findings of the court in this order, have mooted the pending motion to compel.  Accordingly,

IT IS ORDERED that Delphi's November 21, 2008 "Motion to Compel ATI to Identify Representative Claims and Provide More Detailed Infringement Contentions" [Dkt. # 25] is DENIED AS MOOT and the parties are further DIRECTED to carefully review and abide by the deadlines further explained within the body of this order.

A separate amended scheduling order will issue.

 S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  January 28, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 28, 2009, by electronic and/or ordinary mail.

 S/Lisa G. Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522