| | |
|---|---|
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC.,<br><br>      *Plaintiff*,<br> v.<br><br>DELPHI CORP., DELPHI AUTOMOTIVE SYSTEMS, L.L.C., DPH HOLDINGS CORP., GENERAL MOTORS CORP., NISSAN NORTH AMERICA, INC., FORD MOTOR CO., VOLVO CARS OF NORTH AMERICA, INC., HYUNDAI MOTOR AMERICA, MERCEDES-BENZ USA, LLC, and FUJI HEAVY INDUSTRIES USA, INC.,<br><br>      *Defendants*,<br><br>and<br><br>DELPHI CORP., DELPHI AUTOMOTIVE SYSTEMS, L.L.C., DPH HOLDINGS CORP., NISSAN NORTH AMERICA, INC., HYUNDAI MOTOR AMERICA, MERCEDES-BENZ USA, LLC, and FUJI HEAVY INDUSTRIES USA, INC.<br><br>      *Counter-Plaintiffs,*<br> v.<br><br>AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC.,<br><br>      *Counter-Defendant*. | Civil Action Nos. 08-CV-11048<br>         10-CV-10647<br><br>Hon. Robert H. Cleland |

## STIPULATED PROTECTIVE ORDER

   WHEREAS, the parties to this action anticipate the exchange of proprietary technical, business and financial information through discovery, which information is otherwise treated as confidential by the parties; and

WHEREAS, disclosure of such information to persons not parties to this action might result in damage to one of the parties.

IT IS HEREBY ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the following provisions shall govern the handling of confidential information in these proceedings:

1. Designation Of Confidential Information or Confidential - Attorneys Eyes Only Information.

   a. Any document, portion of document, or other form of evidence or discovery contemplated by Rules 26-37 and 45 of the Federal Rules of Civil Procedure that contains trade secret or business information maintained as confidential may be designated by the Designating Party as Confidential Information or Confidential - Attorneys Eyes Only Information and shall be subject to the terms and restrictions of this Protective Order.

   b. The term "Designating Party" shall mean any party to this action, as well as any third party to the litigation (including counsel for such third party) who requests the protections provided by this Protective Order, who produces information pursuant to any discovery request.

   c. The term "Receiving Party" shall mean the party hereto who is the recipient of information supplied by a Designating Party.

   d. The term "Confidential Information" means information that the Designating Party deems to constitute trade secrets as well as other confidential or proprietary technical, research, development, commercial, financial, budgeting, accounting, and/or any other type of information which is not publicly known and which cannot be ascertained from an inspection of publicly available documents and materials. Confidential Information shall be designated by the legend "CONFIDENTIAL."

   e. The term "Confidential - Attorneys Eyes Only Information" means information that the Designating Party believes, reasonably and in good faith, meets the qualifications of section 1(d) and (i) is information of the Designating Party, which, if disclosed

publicly or to employees of any of the other parties in this litigation, would likely harm the Designating Party's competitive position, or (ii) is information owned by another person that the Designating Party is under a contractual or legal obligation to protect from disclosure. Confidential - Attorneys Eyes Only Information shall be designated by the legend "ATTORNEYS EYES ONLY."

      f.    The terms and restrictions of this Protective Order apply not only to those items or things which are expressly designated as Confidential Information or Confidential - Attorneys Eyes Only Information, but also to all copies, abstracts, excerpts, descriptions, analyses and summaries thereof, as well as to testimony and oral conversations that contain or disclose Confidential Information or Confidential - Attorneys Eyes Only Information derived therefrom or related thereto.

      g.    The designation of Confidential Information or Confidential - Attorneys Eyes Only Information shall be made at the following times:

        (i)    for documents, at the time of the production of the documents;

        (ii)    for written responses to interrogatories or requests for admissions, at the time of the written response;

        (iii)    for declarations and pleadings, at the time they are filed;

        (iv)    for inspection of things or entry upon land or other property, prior to the inspection or entry; and

        (v)    for deposition testimony, on record during the deposition or by written notice to all counsel of record within thirty (30) days after receipt by the Designating Party of the deposition transcript. If no such designation has been made, pending the expiration of said thirty (30) days after receipt by the Designating Party of the deposition transcript, all parties shall presumptively treat the deposition transcript as Confidential - Attorneys Eyes Only Information. If no portions of the transcript are designated as Confidential Information or Confidential - Attorneys Eyes Only Information by any party on record during the deposition or by written notice to all counsel of record within said thirty (30) days, the transcript shall be

considered to not be designated as Confidential or Confidential - Attorneys Eyes Only Information after said thirty (30) days. Counsel for each party to this action shall be responsible for marking the designated portions of copies of the transcript in their possession with the legend "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" if written notice is provided within said thirty (30) days. With regard to designations made during the deposition, the Designating Party shall have the right to have all persons, except the deponent and its counsel, counsel for named parties, the court reporter, and such other persons bound by this Protective Order, excluded from a deposition, or any portion thereof, before the taking of testimony which has been designated as Confidential - Attorneys Eyes Only Information under this Protective Order.

      h.     The designation of Confidential Information or Confidential - Attorneys Eyes Only Information shall be made in the following manner: (i) for documents, by placing the legend "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" on each page of such document; (ii) for tangible objects, by placing the legend "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" on the object or the container therefor, or if not practicable, as otherwise agreed; (iii) for written responses to written interrogatories or requests for admissions, by placing the legend "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" in the relevant responses and on the face of any such responses; (iv) for declarations or pleadings, by placing the legend "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" on the face or title page of the document; (v) for inspection of things or entry upon land or other property, by stating in writing that Confidential Information or Confidential - Attorneys Eyes Only Information will be disclosed by the inspection or entry and specifying in writing those parts of the things or those areas of the premises in which such information will be revealed, (vi) for electronic files produced in native format, by placing the legend "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" on the disk or other storage media containing the electronic files, and (vii) in any other reasonable manner that conveys that the materials or testimony are "CONFIDENTIAL" or "ATTORNEYS EYES ONLY." With respect to electronic files produced in native format, the Confidential or Confidential – Attorneys Eyes Only designations apply to the files in their entirety, including all

content and any metadata. A Designating Party producing information from its own files for inspection and selection for copying by a Receiving Party has the right to require that the Receiving Party, during the course of the inspection and selection process, treat all such documents and materials made available during the inspection as Confidential - Attorney Eyes Only Information until such time the documents and materials selected for production may be reviewed by the Designating Party and individually designated pursuant to subsection (i) and (ii) of this section.

  i. It shall be the duty of the party seeking protection of Confidential Information or Confidential - Attorneys Eyes Only Information to indicate to the other party and its attorney of record which of the materials and testimony are considered Confidential Information or Confidential - Attorneys Eyes Only Information.

  j. Each party retains the right to subsequently redesignate documents it has produced and to require such documents to be treated in accord with such redesignations from that time forward. Upon redesignation of any document to a higher level of confidentiality, the Receiving Party shall take reasonable efforts to secure the return of the redesignated document from unqualified persons falling outside the scope of paragraphs 4 and/or 5, and if data or information has been extracted or copied from a redesignated document by an unqualified person, that information or data shall be expunged and not used by the unqualified person.

 2. Resolution of Disputes Regarding Designation of Confidential Information or Confidential - Attorneys Eyes Only Information.

  a. In the event that any party takes issue with a designation of Confidential Information or Confidential - Attorneys Eyes Only Information, such party shall so inform the other parties to this lawsuit in writing, and all parties shall make good faith efforts to resolve such dispute.

  b. In the event that the parties are unable to resolve the dispute regarding designation of Confidential Information or Confidential - Attorneys Eyes Only Information within 15 business days from the date the written notice of the dispute was mailed, the party

disputing the designation may, by noticed motion, raise such issue with the Court. The party claiming confidentiality shall bear the burden of establishing that the information is in fact confidential.

      c.    A challenge to the propriety of a confidential designation may be made at any time pursuant to section 2b.

    3.    <u>Inadvertent Failure to Designate</u>.

Any party or third party who inadvertently fails to designate information as Confidential Information or Confidential - Attorneys Eyes Only Information, or otherwise wishes to change the designation of confidentiality under this Protective Order, may later do so, and such document/information shall be treated by the Receiving Party as being so designated as Confidential Information or Confidential - Attorneys Eyes Only Information from the time the Receiving Party is notified in writing of the inadvertent designation. The parties agree that the inadvertent disclosure of Confidential Information or Confidential - Attorneys Eyes Only Information by the Designating Party in producing discovery to the Receiving Party, regardless of whether the information was designated as Confidential Information or Confidential - Attorneys Eyes Only Information at the time of disclosure, shall not be treated as a waiver in whole or in part of a Designating Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject, and shall not exempt it from the provisions of this Protective Order where notice has otherwise been given that it is Confidential Information or Confidential - Attorneys Eyes Only Information.

    4.    <u>Access To Confidential Information</u>.

Access to documents marked "CONFIDENTIAL" shall be limited to, and only to, the following "qualified persons":

      a.    Outside counsel for any party, who is assisting in this action (including the necessary secretarial, clerical, and litigation support or copy service personnel assisting such counsel).

b. Inside counsel for any party who is assisting in this action (including the necessary secretarial, clerical, and litigation support or copy service personnel assisting such counsel), and for the limited purpose of assisting in this action, or in the case of a foreign defendant, the individuals in the intellectual property or legal department that perform the equivalent role of inside counsel and that are assisting in this action, and only for the limited purpose of assisting in this action.

c. Organizations retained by the outside counsel for any party to provide litigation support services in this action.

d. Independent experts and consultants retained in this action by the attorneys of record, in so far as the attorneys of record may deem it necessary for the preparation or trial of this case to consult with such experts or consultants, subject to the requirements of paragraph 5 of this Protective Order.

e. Limited, designated employees of the parties who are required in good faith to assist in the conduct of the litigation, provided that the individuals first execute an affidavit, in substantially the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Protective Order, and that those affidavits are served on the Designating Party ten (10) business days before any disclosure is made. The number of individuals designated to receive Confidential Information pursuant to this paragraph shall be limited to two per side, *i.e.*, two (2) for plaintiff and two (2) for each defendant.

f. Court reporters and videotape technicians employed in depositions in this action.

g. The Court, its personnel and members of the jury.

h. Such other person as hereafter may be designated by written agreement in this Action or by Order of the Court.

5. Access to Confidential – Attorneys Eyes Only Information

Access to documents marked "ATTORNEYS EYES ONLY" shall be limited to, and only to, those inside counsel listed in paragraph 4(b) who have filed an appearance in this action

(including the necessary secretarial, clerical, and litigation support or copy service personnel assisting such counsel) and those persons listed in paragraphs 4(a), 4(c), 4(d), 4(f), 4(g) and 4(h), except that no person, including an attorney, who participates in or advises concerning the filing and/or prosecution of patent applications for Plaintiff relating to the technology discussed in the patents-in-suit shall be permitted access to documents marked "ATTORNEYS EYES ONLY."

      6.      <u>Disclosure To Experts</u>.

      a.      Each independent expert and consultant referred to in paragraph 4(d) of this Protective Order to whom Confidential Information or Confidential - Attorneys Eyes Only Information is to be given, shown, disclosed, made available or communicated in any way, shall first execute an affidavit, in substantially the form attached hereto as <u>Exhibit A</u>, agreeing to be bound by the terms of this Protective Order.

      b.      At least ten (10) business days prior to the Receiving Party giving, showing, disclosing, making available or communicating Confidential Information or Confidential - Attorneys Eyes Only Information to any expert or consultant, the Receiving Party shall deliver to all other parties a copy of the affidavit signed by the person to whom Confidential Information or Confidential - Attorneys Eyes Only Information is proposed to be disclosed and a description setting forth the person's (i) name, (ii) office address, (iii) present employer, (iv) a brief job history for the past three years, or (v) copy of expert's curriculum vitae.

      c.      Any other party shall be entitled to object to such disclosure to the expert or consultant within ten (10) business days after service of the affidavit by stating specifically in writing the reasons why that party believes such person should not receive Confidential Information or Confidential - Attorneys Eyes Only Information.

      d.      In the event of such an objection, no disclosure of Confidential Information or Confidential - Attorneys Eyes Only Information shall be made to the expert or consultant for a period of at least ten (10) business days following the date of service of the objection, in order to permit the objecting party to move for an order that disclosure not be made

to such expert or consultant, or made only under certain conditions. The objecting party shall have the burden of establishing grounds for barring the disclosure. The objecting party shall seek to have any such motion set for the earliest possible date on the Court's motion calendar, and shall not be continued without the consent of all parties. If no such motion is made in such time and manner, Confidential Information or Confidential - Attorneys Eyes Only Information may be disclosed to such expert or consultant for the purposes and upon the conditions herein stated. If such a motion is made, there shall be no disclosure to such expert or consultant until the Court has ruled upon the motion, and then only in accordance with the ruling so made. The filing and pendency of such motion shall not limit, delay or defer any disclosures of the Confidential Information or Confidential - Attorneys Eyes Only Information to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery unless the level of confidentiality bears directly on the objecting party's ability to conduct such discovery.

7. <u>Obtaining Agreement To Be Bound By This Protective Order</u>.

Counsel for the respective parties shall be responsible for obtaining, prior to disclosure and as a condition thereof, the Declaration of any person to whom any Confidential Information is disclosed pursuant to paragraph 4(d) or 4(e), or any Confidential - Attorneys Eyes Only Information pursuant to paragraph 4(d), that he or she agrees to be bound by the terms of this Protective Order. Such Declaration shall be in substantially the form attached hereto as <u>Exhibit A</u>; provided, however, that such agreement given on the record in a deposition after reading of this Protective Order shall fully substitute for such written Declaration. Any person receiving access to Confidential Information or Confidential - Attorneys Eyes Only Information submits himself or herself to the jurisdiction of this Court for all purposes of this Protective Order including ascertaining and enforcing any sanction for violation of this Protective Order.

8. <u>Use of Confidential Information or Confidential - Attorneys Eyes Only Information Generally</u>

Confidential Information or Confidential - Attorneys Eyes Only Information disclosed pursuant to this Protective Order shall be held in confidence by each person to whom it is disclosed. Confidential Information or Confidential - Attorneys Eyes Only Information shall be used only for purposes of this action; it shall not be used for any competitive commercial, business, research or development purpose.

9. <u>Use of Confidential Information or Confidential - Attorneys Eyes Only Information in Conduct of This Action</u>.

    a. Confidential Information or Confidential - Attorneys Eyes Only Information may be used by the attorneys of record in good faith in conducting discovery, provided that the Confidential Information is protected pursuant to the terms and conditions of this Protective Order.

    b. Confidential Information or Confidential - Attorneys Eyes Only Information may be disclosed to a witness not already allowed access to such information under this Protective Order only if:

        (i) the Confidential Information or Confidential - Attorneys Eyes Only Information was previously received or authored by the witness or was authored or received by a director, officer, employee or agent of the entity for which the witness is testifying as a Rule 30(b)(6) designee;

        (ii) the Confidential Information or Confidential - Attorneys Eyes Only Information was produced by or obtained from the witness or from an entity for whom the witness is or was a director, officer, employee, consultant or agent;

        (iii) counsel for the party designating the material as Confidential Information or Confidential - Attorneys Eyes Only Information agrees that the material may be disclosed to the witness; or

        (iv) upon order of the Court for good cause shown.

c. If the Confidential Information or Confidential - Attorneys Eyes Only Information is used in any deposition, then, at the option of the disclosing party, that portion of the proceeding shall be conducted outside the presence of all unqualified persons and any testimony or transcript relating thereto shall be designated as Confidential Information or Confidential - Attorneys Eyes Only Information. In the event of disclosure under this paragraph, only the court reporter, videographer, deponent, his/her counsel, and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of Confidential Information or Confidential - Attorneys Eyes Only Information. Disclosure of Confidential Information or Confidential - Attorneys Eyes Only Information pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

d. Notwithstanding the parties' designation of Confidential Information or Confidential - Attorneys Eyes Only Information, any court hearing which refers to or describes Confidential Information or Confidential - Attorneys Eyes Only Information shall, in the Court's discretion, be held in open court with records unsealed unless there is a specific showing under law that confidentiality is required. The disclosing party has the option to request that the proceeding shall be conducted in camera, out of the presence of all unqualified persons and any transcript relating thereto shall be designated as confidential.

e. All documents or things containing Confidential Information or Confidential - Attorneys Eyes Only Information, including without limitation any brief or memoranda, to be filed or lodged with the Court, shall be filed with the Clerk of the Court according to the Court's electronic filing procedures concerning the filing of sealed documents or in a sealed envelope marked with the caption of the case, a schedule of the contents of the envelope, and the following notation:

> **"Contains CONFIDENTIAL INFORMATION Subject to a Protective Order of this Court. To Be Opened Only In Compliance With That Order Or Further Order Of The Court."**

10. Party's Own Information.

A party is free to do whatever it desires with its own Confidential Information or Confidential - Attorneys Eyes Only Information.

11. No Waiver.

This Protective Order is intended to provide a mechanism for the handling of Confidential Information and Confidential - Attorneys Eyes Only Information in this action. Other than as specified herein, neither the taking of nor the failure to take any action to enforce the provisions of this Protective Order, nor the failure to object to any designation, nor any such action or omission, shall constitute a waiver of any right to seek and obtain protection or relief in this action or any other action including, but not limited to, the right to claim that any information is or is not proprietary to any party, is or is not entitled to particular protection or that such information does or does not embody trade secrets of any party.

12. Subpoena From Third Parties.

In the event any party or nonparty having possession, custody or control of any Confidential Information or Confidential - Attorneys Eyes Only Information receives a subpoena or other process or order to produce such information from a third party, such party or nonparty shall notify the attorneys of record of the party or nonparty claiming such confidential treatment of the Confidential Information or Confidential - Attorneys Eyes Only Information sought by such subpoena or other process or order, shall furnish those attorneys of record with a copy of said subpoena or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the party or nonparty claiming such confidential treatment. The party or nonparty asserting the confidential treatment shall have the burden of defending against such subpoena, process or order. The party or person receiving the subpoena or other process or order will not produce Confidential Information or Confidential - Attorneys Eyes Only Information so long as any motion or proceeding initiated to bar disclosure is pending.

13. <u>Privileged Material</u>

The production of any document governed by this Stipulation and Order shall be without prejudice to any claim by the producing party or non-party that any such document, or information contained in such document, is privileged, work product, protected under common interest, or otherwise protected within the meaning of Fed. R. Civ. P. 26, and no party or non-party shall be held to have waived any of its privilege, work-product, common interest protection, or other protection rights under Fed. R. Civ. P. 26 by such production. If, after documents have been produced, a claim of privilege, work-product, common interest protection, or other protection is made in writing or verbally, followed by a writing documenting the claim, to each party to which the documents were produced, each such receiving party shall take reasonable steps to ensure that all copies of those documents are returned promptly to the producing party and not used for any purpose. If data or information has been extracted or copied from a document that is thus subsequently returned, that information and/or data shall be expunged and not used. Further, the parties intend that the provisions of Federal Rule of Evidence 502 apply to the above-captioned action and that this Protective Order, once entered by the Court, constitute a court order pursuant to section (d) of that Rule. Each Receiving Party also agrees to immediately inform a Designating Party if the Receiving Party receives from the Designating Party information or documents that appear privileged, and/or protected under the work product, common interest, or any other doctrine.

14. <u>Termination Of Litigation</u>.

Within sixty (60) days of receipt of written notice of the final disposition of this action and all related actions, whether by judgment and exhaustion of all appeals, by voluntary dismissal, or by settlement, the attorneys of record:

    a. Shall certify to the Disclosing Party, or its attorney of record, that they have destroyed the Confidential Information or Confidential - Attorneys Eyes Only Information subject to this Protective Order in their possession, custody or control or in the possession, custody or control of their staff, including all copies of such Confidential Information or

Confidential - Attorneys Eyes Only Information which may have been made, except that counsel for a party may keep a copy of such Confidential Information or Confidential - Attorneys Eyes Only Information used in pleadings, trial materials or deposition exhibits as part of counsel's records of the litigation;

    b.  Shall insure that all the Confidential Information or Confidential - Attorneys Eyes Only Information in the possession, custody or control of their experts and consultants, is certified as destroyed; and

    c.  Shall deliver to the Disclosing Party, or its attorneys of record, an affidavit or declaration that there has been compliance with the terms of this paragraph or that there has not been compliance and the reason for such noncompliance, upon receipt of which the disclosing party may make application to the Court for such further order as may be appropriate.

  15.  <u>Enforcement Of This Stipulation And Protective Order</u>.

This Protective Order shall remain in force and effect until modified, superceded or terminated on the record by written stipulation of the parties or by order of the Court. This Protective Order shall survive the final conclusion of the Action and the Court shall have jurisdiction to enforce this Protective Order beyond the conclusion of this Action, unless this Order is vacated.

  16.  <u>Accidental Or Inadvertent Disclosure of Confidential Information or Confidential-Attorneys Eyes Only Information</u>.

In the event of any accidental or inadvertent disclosure of Confidential Information or Confidential - Attorneys Eyes Only Information, other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to prevent further unauthorized disclosure including, retrieving all copies of the Confidential Information or Confidential - Attorneys Eyes Only Information form the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Confidential Information or

Confidential - Attorneys Eyes Only Information in any form. Compliance with the forgoing shall not prevent the disclosing party from seeking further relief from the Court.

17. Modification of This Protective Order.

This Protective Order may be amended without leave of the Court in the form of a written stipulation of the parties that shall be filed in this case. In the event any party hereto seeks a court order that in any way seeks to vary the terms of this Protective Order, said party shall make such request in the form of a written stipulation, *ex parte* application, or noticed motion to all parties that must be served and filed in accordance with local court rules.

18. Violation of This Protective Order.

In the event any person or party shall violate or threaten to violate the terms of this Protective Order, the aggrieved Designating Party may immediately apply to obtain injunctive relief against any such person or party violating or threatening to violate any of the terms of this Protective Order. The parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

19. Counsel Rendering Advice to Their Clients.

Nothing in this Stipulation and Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on material designated as "CONFIDENTIAL or ATTORNEYS EYES ONLY," provided however, that in rendering such advice counsel shall not disclose, reveal, or describe the content of any material so designated except insofar as allowed (if allowed at all) under the terms of this Stipulation and Protective Order.

**STIPULATION BY THE PARTIES**

THE PARTIES THROUGH, THEIR COUNSEL OF RECORD, SO STIPULATE.

By: */s/ Andrew Kochanowski (P55117)*
　　Lisa Rycus Mikalonis (P39485)
　　SOMMER SCHWARTZ, P.C.
　　2000 Town Center, Suite 900
　　Southfield, MI 48705
　　Phone: (248) 335-0300
　　lmikalonis@sommerspc.com
　　akochanowski@sommerspc.com

　　*Attorneys for Plaintiff Automotive Technologies International, Inc.*

Date: September 30, 2010

By: */s/ John R. Hutchins*
　　John R. Hutchins
　　KENYON & KENYON LLP
　　1500 K Street, NW
　　Washington, DC 200005
　　Phone: (202) 220-4217
　　jhutchins@kenyon.com

　　*Attorney for Defendants Delphi Automotive Systems, LLC, DPH Holdings Corp., General Motors LLC, Ford Motor Co., Volvo Cars of North America, Inc., and Hyundai Motor America*

　　Robert C.J. Tuttle (P25222)
　　Frank A. Angileri (P45611)
　　BROOKS KUSHMAN P.C.
　　1000 Town Center, 22nd floor
　　Southfield, MI 48075-1238
　　Phone: (248) 358-4400
　　Fax: (248) 358-3351
　　rtuttle@brookskushman.com
　　fangileri@brookskushman.com

　　*Local Counsel for Defendant General Motors LLC*

　　Robert C.J. Tuttle (P25222)
　　Frank A. Angileri (P45611)
　　Marc Lorelli (P63156)
　　BROOKS KUSHMAN P.C.
　　1000 Town Center, 22nd floor
　　Southfield, MI 48075-1238
　　Phone: (248) 358-4400
　　Fax: (248) 358-3351
　　rtuttle@brookskushman.com
　　fangileri@brookskushman.com
　　mlorelli@brookskushman.com

*Local Counsel for Defendants Ford Motor Co. and Volvo Cars of North America, Inc.*

Date: September 23, 2010

By: */s/ William Cosnowski, Jr.*
William Cosnowski, Jr. (P57517)
Delphi Automotive Systems, LLC
5725 Delphi Drive
Troy, MI 48098
Phone: (248) 813-3309
william.cosnowski.jr@delphi.com

*Attorney for Defendants Delphi Automotive Systems, LLC and DPH Holdings Corp.*

Date: September 23, 2010

By: */s/ Paul R. Steadman*
Paul R. Steadman
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654
Phone: (312) 862-2135
Fax: (312) 862-2200
psteadman@kirkland.com

George Moustakas (P41631)
HARNESS DICKEY & PIERCE, P.L.C.
5445 Corporate Dr, Suite 200
Troy, MI 48098
Phone: (248) 641-1600
gdmoustakas@hdp.com

*Attorney for Defendant Fuji Heavy Industries USA, Inc.*

Date: September 19, 2010

By: */s/ Clyde Findley*
David M. Schnorrenberg
Clyde Findley
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, D.C. 20004-2595
Phone: (202) 624-2500
dschnorrenberg@crowell.com
cfindley@crowell.com

Sidney L. Frank (P13637)
FRANK, HARON, WEINER & NAVARRO
5435 Corporate Drive, Suite 225
Troy, Michigan 48098
Phone: (248) 952-0400
sfrank@fhwnlaw.com

*Attorneys For Defendant Mercedes-Benz USA, LLC*

Date: September 17, 2010

By: */s/ Reginald J. Hill*
    Reginald J. Hill
    Peter J. Brennan
    Gregory A. Lewis
    JENNER & BLOCK LLP
    353 North Clark Street
    Chicago, IL 60654-3456
    Phone: (312) 923-2606
    Fax: (312) 923-2706
    rhill@jenner.com
    pbrennan@jenner.com
    glewis@jenner.com

    Larry S. Mann (P32223)
    Gretchen A. Colter (P51534)
    BOWMAN & BROOKE
    50 W. Big Beaver Road
    Suite 600
    Troy, MI 48084-5293
    Phone: (248) 687-5323
    larry.mann@bowmanandbrooke.com
    gretchen.colter@bowmanandbrooke.com

    *Attorneys for Defendant Nissan*
    *North America, Inc.*

Date: September 17, 2010

## **ORDER**

GOOD CAUSE APPEARING THEREFOR, IT IS SO ORDERED.


DATED: 10/4/2010                          s/Robert H. Cleland
                                                HON. ROBERT H. CLELAND
                                                United States District Court Judge

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>DELPHI CORP., *et al.*,<br><br>*Defendants*,<br><br>and<br><br>DELPHI CORP., *et al.*,<br><br>*Counter-Plaintiffs*,<br><br>v.<br><br>AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC.,<br><br>*Counter-Defendant*. | Civil Action Nos. 08-CV-11048<br>10-CV-10647<br><br>Hon. Robert H. Cleland |

**AFFIDAVIT REGARDING RECEIPT OF CONFIDENTIAL AND CONFIDENTIAL ATTORNEYS EYES ONLY INFORMATION**

I, _____, declare that:

1. My address is _____, and the address of my present employer is_____.

2. My present occupation or job description is_____.

3. In addition to my other job functions, I am working as a consultant to _____.

4. My relationship to Plaintiff/Defendant is _____

_____20_____.

      5.      I have received a copy of the Stipulation and Protective Order (the "Protective Order") in this action.

      6.      I have carefully read and understood the provisions of the Protective Order, agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any Confidential Information or Confidential - Attorneys Eyes Only Information received under the protection of the Protective Order except as permitted under the Protective Order.

      7.      I understand that I am to retain all copies of any of the materials that I receive which have been so designated as Confidential Information or Confidential - Attorneys Eyes Only Information in a container, cabinet, drawer, room or other safe place in a manner consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will return all Confidential Information or Confidential - Attorneys Eyes Only Information documents and things which come into my possession or which I have prepared relating thereto, to counsel for the party by whom I am retained. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at _____ on _____, 20___.

                                                                        _____
                                                                                       [SIGNATURE]